UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TIFFANY LAYTON, *et al.*,

        Plaintiffs,

vs.                                                                                                      Case #: 8:05-CV-2107-T-27EAJ

SMITHKLINE BEECHAM CORPORATION
d/b/a GlaxoSmithKline and THE HARBOR
BEHAVIORAL HEALTH CARE INSTITUTE,
INC., a Florida corporation,

        Defendants.
_____/

## ORDER

Before the Court is Plaintiffs' Motion to Remand and Incorporated Motion for Attorneys' Fees and Costs (Dkts. 15, 16) and SmithKline Beecham Corporation's response in opposition (Dkt. 20). Upon consideration, Plaintiff's Motion to Remand is GRANTED. Plaintiff's Motion for Attorneys' Fees and Costs is DENIED. Pursuant to 28 U.S.C. § 1447(c), this case is remanded to the Thirteenth Judicial Circuit in and for Hillsborough County, Florida.

Plaintiffs originally filed this wrongful death action in state court, alleging causes of action against SmithKline Beecham Corporation d/b/a GlaxoSmithKline ("GSK") for negligent failure to warn and improper labeling (Count I) and strict liability (Count II). (Dkt. 2). Plaintiffs also named The Harbor Behavioral Health Care Institute, Inc. ("Harbor") as a defendant, alleging purported causes of action for negligent failure to warn (Count III) and breach of warranty of fitness for ordinary purpose (Count IV). (Dkt. 2). GSK removed this case to federal court pursuant to 28 U.S.C. §§ 1441 and 1446, based on diversity jurisdiction. (Dkt. 1). In its Notice of Removal, GSK

alleged that Harbor, a non-diverse party, had been fraudulently joined by Plaintiffs in an attempt to defeat diversity jurisdiction. Plaintiffs respond that there was no fraudulent joinder, the parties are not diverse and in any event, GSK's Notice of Removal was untimely because it was not filed within thirty days of being served with a copy of the Complaint.

GSK was served with this lawsuit on September 20, 2005. (Dkt. 1-2). GSK's Notice of Removal was filed on November 16, 2005, more than thirty days after GSK had been served. Generally, a notice of removal must be filed within thirty days after the removing defendant receives a copy of the initial pleading setting forth the claim for relief. *See* 28 U.S.C. § 1446(b). Removal statutes are construed narrowly, with doubts resolved against removal. *See Allen v. Christenberry,* 327 F.3d 1290 (11th Cir. 2003).

Acknowledging that its Notice of Removal was filed more than thirty days after service, GSK contends that it could not have known of Harbor's fraudulent joinder until after Harbor filed its motion to dismiss, which asserted that Plaintiffs had not conducted Florida's statutory presuit notice and investigation requirements. (Dkt. 20, p. 15). Presuit notice and investigation are statutory conditions precedent for a medical malpractice action in Florida. *See* Fla. Stat. §§ 766.201-212. GSK argues that only after the filing of Harbor's motion to dismiss could it be "first ascertained that the case is one which is or has become removable." GSK contends that its Notice of Removal was therefore timely since it was filed within thirty days after Harbor's motion to dismiss. GSK's contentions are unpersuasive.

In the Complaint, Plaintiffs expressly allege that Harbor "is a Florida corporation doing business in Pasco County, Florida." (Dkt. 2, ¶ 8). It was apparent, therefore, that the parties are not diverse for purposes of diversity jurisdiction since Harbor is a Florida resident. As Plaintiffs

acknowledge, joinder of a non-diverse defendant may be deemed fraudulent where there is no possibility that the plaintiff can prove a cause of action against the non-diverse party, however. *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998). Notwithstanding Plaintiffs' arguments to the contrary, based on the two theories of liability alleged in Counts III and IV, it is apparent that Plaintiffs could prove no cause of action against Harbor recognized in Florida, short of substantial amendments to the Complaint, even when the facts are construed in a light most favorable to Plaintiffs. GSK should have therefore removed the case within thirty days of receiving a copy of the Complaint.

In their Complaint, Plaintiffs allege that Harbor "sold or distributed" Paxil to the decedent and that Harbor was "the seller and druggist that filled and dispensed JULIA HICKS' prescription for Paxil" (Dkt. 2, ¶¶ 9, 45). It is apparent, therefore, that Plaintiffs' Complaint as to Harbor is limited to its dispensing of Paxil to the decedent, essentially a pharmaceutical service. Without more, those allegations do not allege the providing of health care services which would otherwise require, as a condition precedent to suit, statutory presuit notice and investigation.[1] *See Sova Drugs, Inc. v. Barnes*, 661 So. 2d 393, 395 (5th DCA 1995).

In Count III, Plaintiffs allege that Harbor, "as the entity that filled and dispensed JULIA HICKS' prescription for Paxil, owed decedent JULIA HICKS a duty of care to ensure that it adequately warned JULIA HICKS of the increased risk of violent behavior and/or suicide associated

---

[1] Plaintiffs correctly point out that even if the statutory presuit notice and investigation requirements apply to Harbor, failure to comply with the statutory condition precedent would not have been fatal to a medical negligence cause of action. Harbor's joinder would not therefore have been fraudulent, since there may have been a possibility of proving a medical negligence cause of action. *See Kukral v. Mekras*, 679 So. 2d 278, 283 (Fla. 1996) (failure to comply with presuit requirements not necessarily fatal to a plaintiff's claim so long as compliance is accomplished within the two-year limitations period provided for filing suit). In any event, as Plaintiffs point out, they did not allege compliance with the presuit notice and investigation requirements, an omission obvious from the face of the Complaint. (Dkts. 15, 16, p. 10).

with taking Paxil, before the drug was sold and/or dispensed to her" and that Harbor "breached its duty of care owed by failing to warn JULIA HICKS of the increased risk of violent behavior and/or suicide associated with taking Paxil and/or by failing to make sure the research data about the risks was made available to JULIA HICKS." (Dkt. 2, ¶ 38, 40).

It is apparent that the Complaint does not state a cause of action against Harbor for failure to adequately warn or for breach of warranty arising from its dispensing of Paxil to the decedent. In Florida, as GSK correctly contends in its argument in support of fraudulent joinder, a negligence cause of action against a pharmacist or pharmacy may not be premised on a duty to warn customers of potential adverse drug interactions nor of the dangerous propensities of a particular prescription drug. *See Johnson v. Walgreen Co.*, 675 So. 2d 1036, 1037-38 (Fla. 1st DCA 1996). It was therefore apparent, at the time GSK received a copy of the Complaint, that Plaintiffs could not sustain a viable negligence cause of action based on Harbor's failure to warn Julia Hicks of the increased risks associated with taking Paxil.

Moreover, it was apparent from the face of the Complaint that Count IV of the Complaint against Harbor, purportedly alleging a cause of action based on breach of warranty, is not a recognized cause of action in Florida. GSK correctly argues as much in support of its fraudulent joinder theory. (Dkt. 20, p. 12-13). In Florida, a pharmacist or pharmacy cannot be liable for breach of either implied or express warranty with respect to prescription drugs dispensed, with the exception of warranties that the drug has been compounded properly and accurately, filled with due care, and has not been adulterated. *See McLeod v. W.S. Merrell Co.*, 174 So. 2d 736, 739 (Fla. 1965); *see also Johnson*, 675 So. 2d at 1037. Notwithstanding that some Florida courts "have begun to affirm negligence actions . . . against pharmacies," Plaintiffs cite to no Florida case recognizing a

negligence cause of action against a pharmacy based on a failure to warn of dangerous propensities of prescription drugs or breach of implied or express warranties of fitness for a particular or ordinary use. *See Powers v. Thobhani*, 903 So. 2d 275 (Fla. 4th DCA 2005).

Notwithstanding, since GSK's removal was untimely, it is unnecessary to definitively determine whether Plaintiffs fraudulently joined Harbor.[2] Likewise, it is unnecessary to consider whether, as Plaintiffs contend, they may have a viable cause of action for medical negligence against Harbor because it has or will have conducted the statutory pre-suit investigation, since the propriety of removal must be determined based on the Complaint as it existed at the time of the notice of removal. *See Pullman Co. v. Jenkins*, 305 U.S. 534, 537 (1039); *Tillman v. R.J. Reynolds Tobacco*, 253 F.3d 1302, 1306 (11th Cir. 2001). Independent of whether Plaintiffs are required to give notice and conduct a pre-suit investigation as a condition precedent to bringing an action against Harbor, as of the filing of the Notice of Removal, Plaintiffs had not alleged a cause of action against Harbor recognized by Florida law. The fact that this case may have been removable on the basis that there was no possibility that Plaintiffs could maintain its claims against Harbor could have been "first

---

[2] By alleging fraudulent joinder, GSK as the removing party has the burden of proving that there is no possibility the plaintiff can establish a cause of action against Harbor, a "heavy one." *See B, Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. Unit A 1981). To determine whether the case should be remanded, the district court must evaluate the factual allegations in the light most favorable to the plaintiff and must resolve any uncertainties about state substantive law in favor of the plaintiff. That determination is based on the plaintiff's pleadings at the time of removal. *Id.* at 549. The potential for legal liability "must be reasonable, not merely theoretical." *Legg v. Wyeth*, 428 F.3d 1317, 1325, n. 5 (11th Cir. 2005). There must at least be an arguable and reasonable basis for predicting that Florida law might impose liability on the facts involved. *Bobby Jones Garden Apartments, Inc. v. Suleski*, 391 F.2d 172, 176 (5th Cir. 1968). Here, there does not appear to be a reasonable basis to conclude that Plaintiffs have even a possibility of imposing liability on Harbor for dispensing Paxil to Julia Hicks on the facts alleged.

ascertained" when a copy of the Complaint was served on GSK. GSK should have, therefore, removed the case within thirty days of receiving a copy of the Complaint. Removal statutes are strictly construed and remands based on procedural defects are appropriate. *See Velchez v. Carnival Corp.*, 331 F.3d 1207 (11th Cir. 2003). GSK's Notice of Removal was untimely. Plaintiffs' Motion to Remand (Dkt. 15) is therefore GRANTED.

### Attorneys' Fees

Generally, attorneys fees are awarded under § 1447(c) "where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 126 S. Ct. 704, 711 (2005). Here, there was an objectively reasonable basis for removal, albeit well before GSK removed the case to federal court. Accordingly, Plaintiffs' Motion for Attorneys' Fees (Dkt. 16) is DENIED. Accordingly, it is

**ORDERED AND ADJUDGED** that:

1. Plaintiff's motion to remand (Dkt. 15) is GRANTED. This case is remanded to the Thirteenth Judicial Circuit in and for Hillsborough County, Florida.

2. Plaintiff's motion for attorneys' fees (Dkt. 16) is DENIED.

3. The Clerk is directed to close this case.

**DONE AND ORDERED** in chambers this ___1st___ day of August, 2006.

_____
**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to:
Counsel of Record

-6-